Cynthia S. Arato (SBN 156856)
carato@shapiroarato.com
Alice Buttrick (pro hac vice)
abuttrick@shapiroarato.com
**SHAPIRO ARATO BACH LLP**
1140 Avenue of the Americas, 17th Floor
New York, New York 10036
Telephone: (212) 257-4882
Facsimile: (212) 202-6417

Attorneys for Defendant Katori Hall

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICOLE GILBERT-DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>LIONS GATE ENTERTAINMENT CORPORATION; STARZ ENTERTAINMENT, LLC; CHERNIN ENTERTAINMENT, LLC; KATORI HALL; LIZ GARCIA; PATRIK-IAN POLK,<br><br>Defendants. | **CASE NO. 2:23-cv-02147-SVW-AGR**<br><br>**DECLARATION OF CYNTHIA S. ARATO IN SUPPORT OF DEFENDANT KATORI HALL'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>[Fed. R. Civ. P. 54]<br><br>Assigned to District Judge Stephen V. Wilson and Magistrate Judge Alicia G. Rosenberg<br><br>*(Notice of Motion and Motion for Attorneys' Fees and Costs and [Proposed] Order filed concurrently herewith)*<br><br>Date: February 5, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 10A |

# DECLARATION OF CYNTHIA S. ARATO

I, Cynthia S. Arato, declare:

1. I am an attorney duly licensed to practice law before all courts in the State of California. I am a partner in the law firm Shapiro Arato Bach LLP ("SAB"), which is additional counsel for Defendant Katori Hall in this action. I have personal knowledge of the matters set forth in this declaration, and I could and would competently testify to those facts under oath if I were called to do so.

2. I submit this declaration in support of Ms. Hall's Motion for Attorneys' Fees and Costs.

3. Ms. Hall engaged my firm in late July 2023 as additional counsel in this action to ensure that her personal interests were protected and to handle the discovery requests served on her directly.

4. Attached as **Exhibit 1** is a true and correct copy of the Response by Defendant Katori Hall to Plaintiff's First Set of Requests for Admission, Interrogatories and Requests for Production.

5. Attached as **Exhibit 2** is a true and correct copy of Plaintiff's Responses to Defendant Starz Entertainment LLC's Requests for Production of Documents. In these responses, Plaintiff objected to every one of Defendants' request for documents regarding the alleged dissemination of Plaintiff's play, including through streaming, DVD sales, and public performances, on the grounds that this topic was "irrelevant" because Plaintiff "has not alleged that Defendants obtained access from commercial viewing of her copyrighted works, or its depiction in popular culture," that "information regarding live performances is irrelevant," and that information related to DVD sales was "not reasonably calculated to lead to the discovery of admissible evidence." (*See* Responses to Request Nos. 14, 15, 16, 18, and 19).

6. Given this concession, Plaintiff never produced a single document evidencing any degree of commercial success for her work, including how many times it was sold or streamed, or when, or how it was marketed or promoted, if at all, or whether it received

any media coverage, and Defendants did not move to compel the production of the requested documents.

7. Intentionally omitted.

### The Reasonableness of the Hourly Rates Charged

8. Two lawyers at my firm handled this matter—me and one associate, Alice Buttrick.

9. I am an experienced litigator with expertise in copyright, entertainment, and media litigation. I graduated from Columbia University School of Law in 1991, where I was a Harlan Fiske Stone Scholar and managing editor of the *Columbia Journal of Transnational Law*. Before co-founding SAB, I was a partner at Gibson, Dunn & Crutcher LLP and other firms of national reputation. I was Chair of the Copyright & Literary Property Committee of the New York City Bar Association from 2016 - 2019. I was named one of the 500 leading litigators in America by Lawdragon; one of the 2020 Notable Women in Law by Crain's New York; one of the top 100 lawyers and top 50 women lawyers in New York Metro Super Lawyers guide; and I have been ranked in Chambers USA as a top media and entertainment lawyer. I have also received other recognitions and honors for my work.

10. SAB charged Ms. Hall a discounted hourly rate of $725 in 2023 for my work on this matter, and SAB has agreed to continue this rate in 2024 for the work incurred on this motion. SAB further discounted this rate to an insurance-company approved rate of $660, for work related to Plaintiff's purported expert, including preparing for and deposing the individual and contributing to the motion to strike his report.

11. Ms. Buttrick has extensive litigation experience. After graduating from Harvard Law School *magna cum laude* in 2015 and clerking for federal judges on the U.S. District Court of Connecticut and the Second Circuit Court of Appeals, Ms. Buttrick has served as the lead associate on a broad range of commercial cases and handled extensive discovery.

12. SAB charged Ms. Hall a discounted hourly rate of $525 in 2023 for Ms. Buttrick's work on this matter, and SAB has agreed to continue this rate in 2024 for the work incurred on this motion. SAB further discounted this rate to an insurance-company approved rate of $465, for work related to Plaintiff's expert, including preparing for and deposing that individual and contributing to the motion to strike his report.

### Summary of Time Spent

13. Attached as **Exhibit 3** is a true and accurate copy of the time entries and related hourly charges billed for SAB's work on this matter covering the period July 2023 through December 7, 2023, except for work described in paragraph 15 below. I have personally reviewed every time entry and every redaction. Each entry provides a description of the services rendered, the attorney code for each attorney who rendered the services (my code is 2 and Ms. Buttrick's code is 10), the hourly rates, and the amount of time each attorney spent on each task. We did not duplicate our efforts or "double charge" for the same work.

14. A select number of entries on Exhibit 3 include both tasks for which Ms. Hall seeks recovery of her fees and tasks for which Ms. Hall does not seek such recovery. I have redacted from the invoices the descriptions of the tasks for which Ms. Hall does not seek recovery of her fees. To the extent an entry included some work for which Ms. Hall does seek recovery, and some for which she does not, I reduced the requested time entry by 50%, even though based on my review, I am confident that less than 50% the noted time was spent on the tasks for which Ms. Hall does not seek recovery. The total fees set forth on Exhibit 1 are $111,097.50 and the noted adjustment is $10,471.25, resulting in net fees for which Ms. Hall seeks recovery of $100,626.25.

15. Attached as **Exhibit 4** is a true and accurate copy of the time entries and related hourly charges billed for SAB's work related to Plaintiff's purported expert, as set forth above. While that work was billed at SAB's discounted rate for Ms. Hall, SAB accepted payment for that work at the further discounted insurance-company approved rates set forth above. The total fees set forth on Exhibit 4 are $48,285 and the net fees for

which Ms. Hall seeks recovery, as adjusted to the insurance-company rates, total $43,321.50.

16. Exhibits 3 and 4 support Ms. Hall's request for $143,947.75 in attorneys' fees.

17. Excluding work related to Plaintiff's expert and adjusted as set forth in paragraph 14, SAB billed the following aggregate hours to Ms. Hall at the discounted rate of $725 for my time and $525 for Ms. Buttrick's time:

| Attorney | Hours |
|---|---|
| Arato, Cynthia (Partner) | 96.65 |
| Buttrick, Alice (Associate) | 59.20 |
| **Total** | **155.85** |

18. This work focused primarily on issues specific to Ms. Hall and her work, and included the following tasks, among others: (1) responding to written discovery on Ms. Hall's behalf; (2) overseeing and directing the collection of Ms. Hall's responsive documents and addressing confidentiality issues; and (3) preparing and defending Ms. Hall for her deposition.

19. In addition, SAB took the lead on preparing for and deposing Plaintiff's purported expert and participated in developing the successful motion to strike that individual's report based on that work. In connection with that work, SAB billed the following aggregate hours, for which it accepted the insurer's approved rates of $660 for my time and $465 for Ms. Buttrick's time:

| Attorney | Hours |
|---|---|
| Arato, Cynthia (Partner) | 22.50 |
| Buttrick, Alice (Associate) | 60.90[1] |

---

[1] I have identified one discrepancy in these time entries. Plaintiff's purported expert was deposed starting the evening of September 5 and through 4:00 am the morning of September 6 (Eastern time). All time related to that deposition was attributed to September 5, and two entries for September 5 for preparing for and attending the deposition attributed to Ms. Buttrick should be attributed to me. Ms. Hall is not seeking to adjust the rate at which that time was billed.

| Total | 83.40 |
|---|---|

20. Attached as **Exhibit 5** is a true and correct accounting of the expenses/costs that SAB incurred and billed in connection with the deposition of Plaintiff's purported expert. These expenses/costs include payment for the videotaping and transcribing of the deposition ($6,295.20) and reimbursing the fees that Plaintiff paid to her purported expert ($15,755), for a total of $22,050.20.

21. Ms. Hall has also incurred approximately $23,500 in fees in connection with drafting and finalizing this Motion and the supporting papers (including my declaration and attached exhibits). I expended approximately 22 hours, at a rate of $725, and Ms. Buttrick expended approximately 15 hours, at a rate of $525 preparing this Motion and supporting papers (exclusive of any fees incurred in connection with any reply briefing and/or hearings on this motion).

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 8, 2024 at New York, New York.

/s/ Cynthia S. Arato
Cynthia S. Arato